UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MBD-05-10263-WGY

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 83-295-G |
| ) | |
| PAUL O'MALLEY ) | |
| ) | |

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S MOTION TO EXPUNGE RECORD

The United States of America hereby opposes defendant Paul O'Malley's pro se Motion to Expunge Criminal Record, for the reasons stated below.

O'Malley was convicted of conspiracy to conduct an illegal gambling business in violation of 18 U.S.C. §§1955 and 371 and conducting an illegal gambling business in violation of 18 U.S.C. §1955. See attached copy of Judgment and Probation/Commitment Order. On September 10, 1984, he was sentenced to two years in prison, execution of which was suspended and he was placed on probation for two years. Id.

O'Malley, acting pro se, has filed a motion to expunge his record. In support, he states that he has "lead a good life" over the past twenty years and that having his record expunged would enable him "to pursue several employment opportunities that [he] is interested in." However, O'Malley has neither claimed nor evidenced any uniquely significant or extreme consequences resulting from his conviction. Thus, his motion should be denied.

Expungement is an extraordinary remedy reserved for unusual or extreme cases. See Allen v. Webster, 742 F.2d 153, 154 (4th Cir. 1984); United States v. Pinto, 1 F.3d 1069, 1070

(10th Cir. 1993); Geary v. United States, 901 F.2d 679 (8th Cir. 1990).[1]

A motion for the expungement of records must be denied absent "a factual showing of harm or extreme circumstances." United States v. Friesen, 853 F.2d 816, 817 (10th Cir. 1988); see United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977); Carter v. Hardy, 543 F.2d 555 (5th Cir. 1975); United States v. Linn, 513 F.2d 925, 927 (10th Cir. 1975). Those adverse consequences "must be uniquely significant in order to outweigh the strong public interest in maintaining accurate and undoctored records." United States v. Flowers, 389 F.3d 737, 739-740 (7th Cir. 2004) (reversing district court's expungement order as an abuse of discretion where the case involved "no more than a routine, valid criminal conviction with the usual attendant consequences."). Neither an acquittal nor an overturned conviction standing alone warrants expungement. See Linn, 513 F.2d at 927; Sealed v. Sealed, 130 F.3d at 701. One appellate court has even held that "in the absence of any applicable statute enacted by Congress, or an allegation that the criminal proceedings were invalid or illegal, a District Court does not have the jurisdiction to expunge a criminal record, even when ending in an acquittal." United States v. Dunegan, 251 F.3d 477, 480 (3rd Cir. 2001); but see United States v. Flowers, 389 F.3d at 739 ("district courts do have jurisdiction to expunge records maintained by the judicial branch.").

Nor do the ordinary collateral consequences of the existence of judicial and executive records support expungement. Thus, even allegations of professional and employment damage and injury to one's reputation in the community do not constitute extreme circumstances and thus

---

[1] Moreover, there is a split in the Circuits whether a court even has jurisdiction to order the expungement of records of Executive Branch agency. Compare United States v. Janik, 10 F.3d 470, 471 (7th Cir. 1994) (no jurisdiction) with Sealed v. Sealed, 130 F.3d 695, 699 (5th Cir. 1997)(recognizing that a litigant may have standing if he asserts an affirmative rights violation by executive agencies).

do not justify an expungement order. See United States v. Flowers, 389 F.3d at 739 ("It is possible, even likely, that any person with an arrest or conviction record may well be impeded in finding employment."); Friesen, 853 F.2d at 816; see also Sealed v. Sealed, 130 F.3d 695, 701 (5th Cir. 1997) (fact that record of overturned conviction interfered with petitioner's law enforcement career was insufficient to justify expungement).

For all the above reasons, the government opposes O'Malley's Motion to Expunge Criminal Record.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
MARK J. BALTHAZARD
Assistant U.S. Attorney

### Certificate of Service

I hereby certify that I caused a copy of the above document to be served by mail on defendant pro se, Paul O'Malley, 94 Richmond Street, Dorchester, MA 02124, on June 30, 2005.

_____
MARK J. BALTHAZARD
Assistant U.S. Attorney

United States of America vs.      **United States District Court** for

**DEFENDANT:** PAUL O'MALLEY      DISTRICT OF MASSACHUSETTS

**DOCKET NO.** 83-295-G (14)

# JUDGMENT AND PROBATION/COMMITMENT ORDER AO-245 (9/82)

In the presence of the attorney for the government the defendant appeared in person on this date ➔ **MONTH DAY YEAR: September 10, 1984**

**COUNSEL**
- [ ] WITHOUT COUNSEL — However the court advised defendant of right to counsel and asked whether defendant desired to have counsel appointed by the court and the defendant thereupon waived assistance of counsel.
- [X] WITH COUNSEL: Owen Walker, Esq., 195 State Street, Boston, MA 02109
(Name of Counsel)

**PLEA**
- [ ] GUILTY, and the court being satisfied that there is a factual basis for the plea,
- [ ] NOLO CONTENDERE,
- [X] NOT GUILTY

**FINDING & JUDGMENT**

There being a finding/verdict of:
- [ ] NOT GUILTY. Defendant is discharged
- [X] GUILTY.

Defendant has been convicted as charged of the offense(s) of conspiracy to conduct an illegal gambling business in violation of 18/USC/1955 & 371 as charged in count eleven, and conducting an illegal gambling business in violation of 18/USC/1955 as charged in count twelve of a fourteen count indictment (*)

(*) this defendant is named in counts eleven and twelve only

The court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered that: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

**SENTENCE OR PROBATION ORDER**

two (2) years. Execution of sentence is suspended and the defendant is placed on probation for two (2) years.

**SPECIAL CONDITIONS OF PROBATION**

**ADDITIONAL CONDITIONS OF PROBATION**

In addition to the special conditions of probation imposed above, it is hereby ordered that the general conditions of probation set out on the reverse side of this judgment be imposed. The Court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within a maximum probation period of five years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

**COMMITMENT RECOMMENDATION**

The court orders commitment to the custody of the Attorney General and recommends,

It is ordered that the Clerk deliver a certified copy of this judgment and commitment to the U.S. Marshal or other qualified officer.

**SIGNED BY**
- [X] U.S. District Judge
- [ ] U.S. Magistrate

W. ARTHUR GARRITY, JR.    9/14/84